```
                UNITED STATES DISTRICT COURT
                         FOR THE
                    DISTRICT OF VERMONT
```

Sheara Bryant,                  :
                                :
        Plaintiff,     :
                                :
  v.                            :   Case No. 1:12-cv-87-jgm
                                :
The People and Government       :
of the United States            :
Virgin Islands,                 :
                                :
        Defendant.     :

## OPINION AND ORDER
(Doc. 1)

Plaintiff Sheara Bryant, proceeding *pro se*, brings this action claiming the government of the Virgin Islands, through various public officials, committed a series of civil and human rights violations between 1996 and 2008. The violations allegedly included removing Ms. Bryant's children from her custody, denying her the ability to lease property, and failing or refusing to investigate her claims of personal assaults. Ms. Bryant is currently a resident of Hardwick, Vermont.

Now before the Court is Ms. Bryant's motion to proceed *in forma pauperis*. Because she has made the showing of poverty required under 28 U.S.C. § 1915, her motion (Doc. 1) is GRANTED. Nonetheless, for the reasons set forth below, this case is DISMISSED without prejudice, with leave to file an Amended Complaint.

I.  <u>Section 1915(e)(2))(B) Review</u>

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." <u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted).

In this case, Ms. Bryant claims violations of the United States Constitution, the U.S. Virgin Islands Civil Rights Code, and the Universal Declaration of Human Rights. For relief, she asks the Court to order: that the government of the Virgin Islands return her children to her custody; that the father of her children be required to pay past and future child support; that civil and human rights violations by various public officials be investigated and criminal charges filed; and that "the People and the Government of the United States Virgin Islands" pay one billion dollars in punitive damages.

Mr. Bryant's claims cannot proceed in this Court for a number of reasons. First, the Court cannot issue an order regarding either the custody of her children or the father's

2

child support obligations.  This is because there is a well-established "domestic relations exception" to federal subject matter jurisdiction.  <u>Elk Grove Unified Sch. Dist. v. Newdow</u>, 542 U.S. 1, 12-13 (2004)

Specifically, the Supreme Court has "recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'"  <u>Id.</u> (quoting <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 703) (1992)); <u>see also</u> <u>Amer. Airlines v. Block</u>, 905 F.2d 12, 14 (2d Cir. 1990) (federal courts should abstain from exercising jurisdiction over cases "on the verge" of being matrimonial in nature).  Although a federal court might have jurisdiction to hear a due process or other constitutional challenge to a custody order, <u>see</u>, e.g., <u>Thomas v. New York City</u>, 814 F. Supp. 1139, 1146-47 (E.D.N.Y. 1993), federal courts have no jurisdiction to issue or modify a child custody decree.  <u>See</u> <u>McKnight v. Middleton</u>, 699 F. Supp. 2d 507, 518-19 (E.D.N.Y. 2010) (holding that domestic relations exception did not apply because plaintiff "did not seek the issuance or modification of the child custody decrees"); <u>cf.</u> <u>Thomas</u>, 814 F. Supp. at 1147 (declining to apply domestic relations exception because procedural challenge to "procedure used to separate a parent from a child . . . does not entail any investigation by the federal court into the fitness of the parent to care for the child").  Similarly, this Court has no

jurisdiction with respect to the payment of child support. See, e.g., Csikota v. Tolkachev, 2010 WL 370284, at *3 (E.D.N.Y. Jan. 29, 2010) (noting that domestic relations exception "has been consistently applied to child support judgments"). Accordingly, the Court cannot grant Ms. Bryant relief on these matters.

Second, this Court has no jurisdiction to order criminal prosecutions. "[C]riminal prosecutions are within the exclusive province of the public prosecutor, who has complete discretion over the decision to initiate, continue or cease prosecution." Solomon v. H.P. Action Center, H.P.D., 1999 WL 1051092, at *1 (S.D.N.Y. Nov. 19, 1999). Moreover, "[a] private citizen does not have a constitutional right to . . . compel the initiation of criminal proceedings." Lis v. Leahy, 1991 WL 99060, at *1 (W.D.N.Y. June 3, 1991); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another"). Therefore, insofar as Ms. Bryant is asking the Court to order the investigation and prosecution of various officials, such relief is not within the Court's power.

As to Ms. Bryant's request for one billion dollars in damages on the basis of constitutional violations, courts have held that the government of the Virgin Islands and its officials acting in their official capacities are not "persons," and thus cannot be sued under 42 U.S.C. § 1983. Ngiraingas v. Sanchez,

4

495 U.S. 182, 191-92 (1990); Eddy v. Virgin Islands Water & Power Auth., 955 F. Supp. 468, 476 (D.V.I. 1997). Because Ms. Bryant has named only "The People of and Government of the United States Virgin Islands" as Defendant, and because § 1983 is the sole vehicle for asserting a constitutional claim, see Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004), the Complaint does not state a viable claim for damages.

Regarding any claims under the Universal Declaration of Human Rights, the Supreme Court has held that the Declaration "does not of its own force impose obligations as a matter of international law," but consists of "a statement of principles . . . setting up a common standard of achievement for all peoples and all nations" Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004) (citation and internal punctuation omitted). Consequently, the Universal Declaration of Human Rights does not support a claim for damages.

Additionally, the monetary relief being sought by Ms. Bryant is for punitive damages. It has been held that in a suit against the government, punitive damages are not appropriate because "the cost of the damages will be borne by the blameless public whom a punitive damage award is meant to protect." Codrington v. Virgin Islands Port Auth., 911 F. Supp. 907, 912-13 (D.V.I. 1996) (citing Bolden v. Southeastern Penn. Transp. Auth., 953 F.2d 807, 829-32 (3d Cir. 1991)). Such relief is thus not available here,

and without any viable claims for relief, the Court finds that Ms. Bryant's Complaint must be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

II. Leave to Amend

The Second Circuit has held that district courts "should not dismiss [a *pro se* Complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991) (citation omitted). Here, notwithstanding the legal impediments to Ms. Bryant's current

---

[1] There is also the matter of venue. Venue in a federal civil action is appropriate if (1) the action is brought in a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(1), (2). If neither condition can be satisfied, a case may be brought in any district in which any defendant is subject to personal jurisdiction. Id. at § 1391(b)(3).

Other than Ms. Bryant's current residence here, this case has no apparent connection to Vermont. In contrast, all Defendants are most likely residents of the Virgin Islands, and all relevant events took place there. Accordingly, the District of the Virgin Islands appears to satisfy the venue provisions set forth at 28 U.S.C. § 1391(b), while Vermont does not.

Under 28 U.S.C. § 1406, a district court faced with a case "laying venue in the wrong division or district, shall dismiss" or, in the interests of justice, shall transfer the case to the district in which it could have been brought. 28 U.S.C. § 1406(a). The Second Circuit has held, however, that in the absence of extraordinary circumstances, a district court should not dismiss *sua sponte* on the basis of improper venue. See Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371 (2d Cir. 1966). Although the appropriateness of venue in Vermont is certainly in question in this case, the Court will not base dismissal on a lack of venue at this time, and expresses no opinion as to whether this case demonstrates the sort extraordinary circumstances that merit *sua sponte* dismissal. See id.

claims, this Court's inability to grant the relief she is presently seeking, and potential questions of venue and personal jurisdiction, the Complaint's allegations suggest that there may be plausible claims against some individuals. Accordingly, the Court will grant Ms. Bryant leave to file an Amended Complaint.

Any Amended Complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, in that it must clearly state the grounds for relief and include legible factual allegations. Ms. Bryant must also clearly identify each named Defendant as a party. The Amended Complaint must be captioned "Amended Complaint," and will completely supersede the current Complaint. The Amended Complaint must be filed within 30 days of the date of this Opinion and Order.

III. Conclusion

For the reasons set forth above, Ms. Bryant's motion to proceed *in forma pauperis* (Doc. 1) is GRANTED. The case is DISMISSED without prejudice, but Ms. Bryant may file an Amended Complaint within 30 days of the date of this Opinion and Order. If she fails to file an Amended Complaint within this time period, a final judgment will be entered against her without prejudice. If Ms. Bryant files an Amended Complaint, the Amended Complaint will be subject to review under 28 U.S.C. § 1915(e)(2)(B). See Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

Dated at Brattleboro, in the District of Vermont, this 25th day of May, 2012.

<u>/s/ J.Garvan Murtha</u>
Honorable J. Garvan Murtha
United States District Judge