UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

SHEARA BRYANT, :
:
    Plaintiff, :
:
    v. : Docket No. 1:12-cv-87-jgm
:
ELMA BRAITHWAITE, DOUGLAS L. DICK, Virgin :
Islands Department of Justice; VINCENT FRAZIER, :
Attorney General, Virgin Islands Department of Justice; :
ALVA CHESTERFIELD, SHERRY-ANN HUGHES, :
NOEL JAMES, ANGELA TRANT-CHRISTIAN, Virgin :
Islands Police Department; MICHAELL PETERSEN, :
Police Chief, Virgin Islands Police Department; :
ALAN FLEMING, Virgin Islands Housing Finance :
Authority; NATASHA FREEMAN, LATOYA :
TURNBULL KRIGGER, DELORES POWELL, CELIA :
VICTOR, Virgin Islands Department of Human Services; :
WALTER RICHARDSON, Virgin Islands Environmental :
Health Department; THE HONORABLE AUDREY L. :
THOMAS, Virgin Islands Superior Court; GERRIANNE :
KOTAS, CLIVE RIVERS, CARL WILLIAMS :
:
    Defendants. :
_____:

## **MEMORANDUM AND ORDER**
(Doc. 7)

I.    Introduction

    The Plaintiff moved for leave to proceed in forma pauperis on May 2, 2012. (Doc. 1.) In an order issued later that month, the Court found she had made the showing of poverty required under 28 U.S.C. § 1915 and granted her motion. (Doc. 3 at 7.) Because her original complaint lacked any viable claims for relief, however, the Court dismissed it, with leave to amend. Id. at 6-7. The Plaintiff filed an Amended Complaint, (Doc. 7), which the Court has reviewed under section 1915.

The Court has identified viable claims[1] against the defendants in this action, excluding Attorneys Clive Rivers, Carl Williams, and Gerrianne Kotas. The Plaintiff is granted leave, as set forth in detail below, to amend her complaint to allege cognizable claims against these attorneys.

II.     Background

The Amended Complaint names twenty defendants, including many employees of the Virgin Islands government. Id. at 1. Read liberally, it asserts violations of the First, Fourth, and Fourteenth Amendments of the United States Constitution. The Amended Complaint also asserts common law tort claims, including malicious prosecution, assault and battery, and intentional infliction of emotional distress claims. The factual allegations in the Amended Complaint are wide-ranging, addressing, inter alia, the denial of a farming permit by the Virgin Islands Department of Agriculture and the failure of the Virgin Islands Police Department ("VIPD") to investigate several reports of criminal activity. Id. at 1-26.[2] Many of its allegations focus on the removal of the Plaintiff's children from her custody in 2007 and again in 2008. Id. at 1-19. For the purposes of this decision, the Court only recounts her allegations regarding the custody of her children.

The Plaintiff alleges that social workers at the Virgin Islands Department of Human Services ("VIDHS") created a fraudulent intake case against her in 2006. Id. at 2. Acting without a court order, several VIPD officers seized her children in April 2007. Id. at 6. She alleges her children

---

[1] The Court is not ruling that it would not entertain a motion to dismiss addressing these claims. In addition, the Court continues to doubt the propriety of venue in the District of Vermont. See Doc. 7 at 6.

[2] The Amended Complaint references exhibits the Plaintiff attached to her original complaint, including pleadings and orders from the abuse and neglect proceedings in the Virgin Islands. The Court has supplemented its review of the Amended Complaint with these documents. See L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (permitting a court to consider, as part of a complaint, "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference") (internal quotations omitted).

were not living under life-threatening conditions at the time.  Id.  Attorneys at the Virgin Islands Department of Justice ("VIDJ") subsequently filed a petition for temporary custody.  Id. at 6-7.  The Plaintiff asserts the VIDJ attorneys lacked a factual basis for doing so.  Id.  After the Honorable Audrey L. Thomas of the Virgin Islands Superior Court dismissed the petition (Doc. 4-4.), the Plaintiff's children were released from protective custody.  (Doc. 7 at 7.)

The Plaintiff claims her children were sexually abused while in VIDHS custody in 2007.  Id. at 6-7.  She alleges VIDHS social workers attempted to conceal this abuse by removing her children from her custody the following year.  Id. at 10-11.  VIPD officers and other Virgin Islands employees assisted the social workers.  Id.  The Plaintiff asserts these defendants conspired to conceal information regarding her sexual abuse allegations, acted without a court order, and caused physical and emotional damage.  Id.  Upon removing her children from her home, she alleges that two VIPD officers assaulted her in her home.  Id.

A series of abuse and neglect hearings followed.  Id. at 13-18; Docs. 4-5, 4-6, 4-7, 4-9, 4-10. 4-11.  The Amended Complaint alleges that Judge Thomas suppressed factual allegations throughout these hearings, including the sexual abuse the Plaintiff's children suffered while in protective custody.  (Doc. 7 at 13-18.)  In particular, at hearings in April and July 2011, Judge Thomas purportedly conspired to suppress relevant facts with two Virgin Islands employees, as well as her attorney, Clive Rivers, the attorney for her children, Carl Williams, and the attorney for their father, Gerrianne Kotas.  Id. at 17-18; Doc. 4-10 at 1.  The Plaintiff alleges that Judge Thomas "with full knowledge of allegations of molestation and abuse made by [the Plaintiff's children,] did conspire to suppress the facts of abuse in this case with" these defendants.  Id. at 17.  She also alleges they conspired with Judge Thomas "to suppress information . . . specifically concerning the welfare of [her] two children from [her]."  Id. at 18.  Except for these two allegations, the Amended

3

Complaint contains no other allegations against Attorneys Rivers, Williams, and Kotas. See id. at 1-26.

III.	Discussion

    A.	Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In evaluating the sufficiency of a complaint, a court must accept its factual allegations as true and draw all reasonable inferences in the plaintiff's favor. L-7 Designs, Inc., 647 F.3d at 430. A pro se complaint is "liberally construed" and, "however inartfully pleaded . . . held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations omitted). "This is particularly so when the pro se plaintiff alleges that her civil rights have been violated." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). Nevertheless, a pro se complaint cannot rest on "wholly conclusory" statements and must instead support its claims with "specific and detailed factual allegations." Friedl v. City of New York, 210 F.3d 79, 86 (2d Cir. 2000).

The Plaintiff in this action is proceeding in forma pauperis under 28 U.S.C. § 1915. A district court shall dismiss an in forma pauperis action "at any time if the court determines that [it] . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Recognizing "the liberality to be accorded pro se pleadings," the Second Circuit has cautioned against dismissing such actions "prior to service upon the defendants and the filing of a motion or answer." Pino v. Ryan, 49 F.3d 51, 52-53 (2d Cir. 1995). To dismiss a case sua sponte for failure to state a claim, a court must first afford a pro se plaintiff an opportunity "to amend his complaint prior to its dismissal . . . , unless the court can rule out any possibility, however unlikely it might be,

4

that an amended complaint would succeed in stating a claim." Gomez v. USSA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

  B. <u>Allegations Against Private Attorneys</u>

  The Plaintiff alleges Judge Thomas conspired with Attorneys Rivers, Williams, and Kotas, as well as VIDJ and VIDHS employees, to suppress relevant facts during the abuse and neglect proceedings. (Doc. 7 at 17-18.) Liberally construing the Amended Complaint, the Plaintiff asserts a section 1983 claim based on her "constitutionally protected liberty interest in the care, custody and management of [her] children" under the Fourteenth Amendment. Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999) (citing cases). The Court has also discerned from these allegations several common law tort claims, including a possible intentional infliction of emotional distress claim.

  Putting aside her claims against Judge Thomas and the other Virgin Islands employees for now, the Court is unable to identify a viable section 1983 claim against Attorneys Rivers, Williams, and Kotas. To state a section 1983 claim, a plaintiff must allege two elements: "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) which has taken place under color of state law." Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997). The Plaintiff challenges both the removal of her children from her custody without court authorization and the fairness of the court proceeding that followed. It is well established that a pre-deprivation hearing is generally necessary to comport with the Fourteenth Amendment's due process requirements. Tenenbaum, 193 F.3d at 593. Unless emergency circumstances justify an immediate removal, a parent may seek damages if no pre-deprivation hearing is held. Id. at 593-94. The Plaintiff's allegations against the Virgin Islands employees who removed her children from her custody in 2007 and 2008 may therefore state claims for relief. A due process challenge, premised on the fairness of a post-

5

deprivation hearing, is a more novel legal theory. Regardless of its merits, however, the Plaintiff is unable to state a section 1983 claim against Attorneys Rivers, Williams, and Kotas because they did not act under the color of state law.

An individual "acts under color of state law only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Polk Cnty. v. Dodson, 454 U.S. 312, 317-18 (1981) (internal quotations omitted). "[M]erely private conduct, no matter how discriminatory or wrongful," will not state a claim under section 1983. Parent v. New York, 786 F. Supp. 2d 516, 538 (N.D.N.Y. 2011), aff'd, 486 Fed. App'x 500 (2d Cir. 2012) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). The Second Circuit has made clear that a private attorney "performing a lawyer's traditional functions as counsel to defendant" is not a state actor for section 1983 purposes. Rodriguez, 116 F.3d at 65-66. This rule applies equally to court-appointed attorneys, who must "exercise independent professional judgment on behalf of their clients." Parent, 786 F. Supp. 2d at 538 (attorney appointed by court to represent child in custody dispute not state actor). The allegations against Attorneys Rivers, Williams, and Kotas stem from their representation of the Plaintiff, her children, and their father at two child custody hearings in 2011. Notwithstanding that the Virgin Islands Superior Court may have appointed them, see Doc. 4-6 at 1, the Amended Complaint does not allege that these attorneys acted under the color of state law.

Nor has the Plaintiff sufficiently alleged a joint action or conspiracy to state a section 1983 claim against these private actors. A plaintiff may circumvent the state action requirement through either of these closely intertwined theories, but cannot rely on conclusory allegations to do so. Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive

6

the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." Id. at 325 (quoting Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993). In the Amended Complaint, the Plaintiff alleges that Attorneys Rivers, Williams, and Kotas "conspired" to suppress child abuse allegations with Judge Thomas and other state actors at the hearings. (Doc. 7 at 17-18.) To state a joint action claim, however, a plaintiff must allege that a private actor "willful[ly] particip[ated] in joint activity with the State or its agents." Ciambriello, 292 F.3d at 324 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). A section 1983 conspiracy theory requires specific facts establishing: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25. As currently pled, the Plaintiff has not stated a section 1983 claim against Attorneys Rivers, Williams, and Kotas under either theory.

In addition, to the extent the Plaintiff asserts common law tort claims against Attorneys Rivers, Williams, and Kotas, the Virgin Islands Code may grant them immunity. 5 V.I.C. § 2537 provides that "[a]ny person, official or institution participating in good faith in any act permitted or required by [the subchapter of the Code entitled "Abuse and Neglect Matters"] shall be immune from any civil or criminal liability that otherwise might result by reason of such actions." Because it is unable to identify a similar grant in the Vermont Statutes, see 33 V.S.A. § 4913(d)(1) (only immunizing child abuse reports from liability), the Court must first determine whether Virgin Islands or Vermont immunity defenses apply in this case. When sitting in diversity jurisdiction, this Court applies the choice-of-law rules of Vermont. Long v. Parry, No. 2:12-cv-81, 2013 WL 417775 at *3 (D. Vt. Feb. 1, 2013). Vermont, in turn, has adopted the Second Restatement of Conflicts of Laws. Id. To decide what law governs a particular defense under the Restatement, a court should

7

determine which state "has the most significant relationship to the occurrence and the parties." Restatement (Second) of Conflict of Laws §§ 145(1), 163. Section 6 of the Restatement lists the following general principles as relevant to this determination.

> (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.

Id. at § 6.

For choice-of-law questions in tort cases, the Restatement refines these general principles somewhat. The Restatement highlights "specific contacts" that a court should consider in tort cases:

> (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.

Id. at § 145(2). Furthermore, because "[t]he parties' expectations, the policies underlying the field of law, and the need for certainty carry less weight in tort law than in other areas of law," a court should "stress[] the relevant policies of [the states] and the needs of the [interstate] system." Miller v. White, 167 Vt. 45, 48 (1997).

Vermont choice-of-law rules make it clear that Virgin Islands law should govern whether the Attorneys Rivers, Williams, and Kotas are immunized from the Plaintiff's claims. The claims against these attorneys stem from an abuse and neglect proceeding held in the Virgin Islands on behalf of children residing there. While the injuries may have occurred in Vermont, where the Plaintiff has lived since 2011, all of the purported misconduct took place at custody hearings in the Virgin Islands. "If conflicting conduct-regulating laws are at issue, the law of the jurisdiction where

8

the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders." Id. at 49 (quoting Conney v. Osgood Mach., 612 N.E.2d 277, 280 (N.Y. 1993)). Section 2537 encourages the application of abuse and neglect laws in the Virgin Islands by reducing the threat of litigation for applying them. Allowing plaintiffs to circumvent section 2537, merely by filing suit in a different forum, would undermine its regulation of behavior in the Virgin Islands. In fact, such an approach would encourage plaintiffs to file suit in foreign forums, increasing the costs of litigation on defendants from the Virgin Islands.

In AroChem International, Inc. v. Buirkle, 968 F.2d 266 (2d Cir. 1992), the Second Circuit applied New York choice-of-law rules to a similar grant of statutory immunity. In that case, a Connecticut company and its president sued the defendant for defamation based on statements he made during settlement negotiations of a commercial lawsuit. Id. at 267-68. The negotiations took place in California, where the lawsuit was also filed. Id. A California statute broadly privileged statements made during judicial proceedings, including settlement negotiations. Id. at 269. Connecticut law provided a more narrow common law privilege, which only protected statements made during formal proceedings. Id. The plaintiffs argued that Connecticut law should apply, as they sustained injuries there, while the defendant argued the California statute should apply. Id. at 271. The Second Circuit applied the California statute, reasoning that:

> The judicial-proceeding privilege would lose its force if weight were given to the domicile of the parties or the place of injury in determining choice of law. Were the law of some other state to be applied in the case of California's judicial-proceeding privilege, for example, the incentive of parties to California litigation to rely upon that privilege would be gravely undermined because they cannot ensure that ensuing tort litigation will occur in California. To the contrary, they can be sure that, if the law of, say, the forum state, were to be applied, plaintiffs would always bring the actions in a forum with a narrow privilege.

9

Notwithstanding that the Plaintiff in this case may have sustained injuries in Vermont, section 2537 is applicable under this same logic. As noted above, permitting plaintiffs to circumvent section 2537 would significantly undermine the grant of immunity contained in it.

Having decided that section 2537 applies in this case, the Court must now determine whether it immunizes Attorneys Rivers, Williams, and Kotas. Section 2537 immunizes "[a]ny person . . . participating in good faith in any act permitted or required" by the subchapter of the Virgin Islands Code governing abuse and neglect matters. Section 2548 of that subchapter allows for the attendance of counsel and the presentation of evidence at abuse and neglect proceedings, including the custody hearings in this case. 5 V.I.C. 2548(c), (f). Section 2537 would thus appear to apply here, provided Attorneys Rivers, Williams, and Kotas acted in good faith. The Amended Complaint contains an unsubstantiated allegation that the private attorneys "conspired" with Judge Thomas to suppress facts during the proceedings. Absent more specific allegations describing bad faith conduct, the Court is inclined to grant the attorneys immunity from any common law tort claims that the Plaintiff may have against them.

The conclusory allegations in the Amended Complaint fall short of converting Attorneys Rivers, Williams, and Kotas's participation at the custody hearings into state action for section 1983 purposes. The Virgin Islands Code also appears to immunize them from tort liability. See 5 V.I.C. 2537. Yet the Court is unable "to rule out any possibility, however unlikely it might be," that the Plaintiff might cure these deficiencies through an amended complaint. Gomez, 171 F.3d at 796. Accordingly, the Plaintiff is granted leave to amend her complaint to describe the role Attorneys Rivers, Williams, and Kotas played in suppressing factual allegations at the custody hearings with more particularity. These allegations may serve to: (1) state a section 1983 conspiracy or joint action claim, or (2) demonstrate that section 2537 is inapplicable.

10

IV. Conclusion

The Plaintiff shall file a "Second Amended Complaint" within thirty days of the date of this Order. If she fails to file a "Second Amended Complaint" on or before April 8, 2013, Attorneys Clive Rivers, Carl Williams, and Gerrianne Kotas will be dismissed from this action without prejudice. In the meantime, the Clerk shall issue summonses for the remaining defendants in this action and forward them, along with the Amended Complaint, to the United States Marshals Service for service.

The Court certifies pursuant to 28 U.S.C. 1915(a)(3) that any appeal would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal of this Order. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 8th day of March, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge