UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| SHEARA BRYANT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Docket No. 1:12-cv-87-jgm |
| | : | |
| THE PEOPLE AND GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS, ELMA BRATHWAITE, DOUGLAS L. DICK, Virgin Islands Department of Justice; VINCENT FRAZIER, Attorney General, Virgin Islands Department of Justice; ALVA CHESTERFIELD, SHERRY-ANN HUGHES, NOEL JAMES, ANGELA TRANT-CHRISTIAN, Virgin Islands Police Department; MICHAELL PETERSEN, Police Chief, Virgin Islands Police Department; ALMON FLEMING, Virgin Islands Housing Finance Authority; NATASHA FREEMAN, LATOYA TURNBULL KRIGGER, DELORES POWELL, CELIA VICTOR, Virgin Islands Department of Human Services; WALTER RICHARDSON, Virgin Islands Environmental Health Department; THE HONORABLE AUDREY L. THOMAS, Virgin Islands Superior Court, | : | |
| | : | |
| Defendants. | : | |

MEMORANDUM AND ORDER
(Doc. 27)

I.   Introduction

Plaintiff Sheara Bryant, proceeding pro se, alleges numerous civil rights violations and other claims against several individuals and the government of the United States Virgin Islands (collectively, the "defendants). A motion to dismiss has been filed on behalf of seven of the defendants. For the reasons below, the Court finds improper venue and lack of personal jurisdiction and this action is dismissed as to defendants The People and Government of the Virgin Islands,

Elma Braithwaite, Douglas Dick, Sherry-Ann Hughes, Natasha Freeman, Almon Fleming, and Cecilia Victor.

II.     Background

Liberally construed, Bryant's amended complaint alleges violations of the First, Fourth, and Fourteenth Amendments of the United States Constitution surrounding the Virgin Islands Department of Human Services' removal of Bryant's children from her custody in 2007 and 2008. It also asserts various torts claims, including malicious prosecution, assault and battery, and intentional infliction of emotional distress involving the denial of a farming permit and the Virgin Islands Police Department's failure to investigate reports of criminal activity.  The Court previously recounted much of the facts of this case in its sua sponte review of Bryant's amended complaint under 28 U.S.C. § 1915.[1]  See Bryant v. Braithwaite, No. 1:12-cv-87-jgm, 2013 WL 877107, at *1-2 (D. Vt. Mar. 8, 2013).  It granted Bryant leave to file a second amended complaint to allege, in more particularity, the role three attorneys played in her child custody hearings in the Virgin Islands.  Id. at *6.  Bryant did not file another complaint and the Court subsequently dismissed the three attorneys from the case, leaving the various state defendants.  (Doc. 9).

III.    Standard of Review

The Court accepts the material facts alleged as true and draws all reasonable inferences in Bryant's favor.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Bryant did not oppose the defendants' motion to dismiss, but the "failure to respond to a Rule 12(b)(6) motion does not warrant dismissal" if the complaint sufficiently states a claim upon which relief may be granted. McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000).  "[T]he sufficiency of a complaint is a matter of

---

[1] The Court previously dismissed Bryant's original complaint and granted leave to amend. Bryant v. Virgin Islands, No. 1:12-cv-87-jgm, 2012 WL 1910092, at *2 (D. Vt. May 25, 2012).

law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." Id. at 322-23.

IV. Discussion

The defendants contend venue in the District of Vermont is improper. In order to survive a motion to dismiss for improper venue, the plaintiff must make a prima facie showing of venue. Zaltz v. JDATE, 952 F. Supp. 2d 439, 447 (E.D.N.Y. 2013) (citing Gulf Ins. Co. v. Glassbrenner, 417 F.3d 353, 355 (2d Cir. 2005).

In short, Bryant has not satisfied her burden. Under 28 U.S.C. § 1391(b), a plaintiff may bring a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Reading Bryant's complaint liberally, all defendants live in the Virgin Islands and all of the alleged events occurred in the Virgin Islands. From what the Court can tell, the only connection this case has to the District of Vermont is that Bryant apparently moved to Vermont in 2011 from the Virgin Islands. (Doc. 7 at 25.) This action no doubt belongs in the U.S. District Court of the Virgin Islands.

Bryant has likewise failed to make the required showing regarding personal jurisdiction. See In re Terrorist Attacks on September 11, 2001, 714 F.3d 659, 673 (2d Cir. 2013) ("In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." (internal quotation marks and citation omitted)). The complaint fails to allege any facts about the defendants' contacts with this forum that would be sufficient to

comport with the requirements of due process.  See Jenkins v. Miller, No. 2:12-cv-184-wks, 2013 WL 5770387 (D. Vt. Oct. 24, 2013).

The Court may, in its discretion, transfer the case rather than dismiss it outright.  28 U.S.C. § 1406(a) (authorizing dismissal or, "if it be in the interest of justice," transfer to a proper district); see Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 435 (2d Cir. 2005) ("Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice.").  If a limited "peek at the merits" of her case reveals the Court would not "waste judicial resources by transferring a case that is clearly doomed," transfer could be proper.  Daniel, 428 F.3d at 436 (internal quotation marks and citation omitted).

The Court concludes transfer to another district is not in the interest of justice.  Bryant's amended complaint suffers from a variety of serious deficiencies, all of which are thoroughly briefed in the defendants' motion to dismiss.  (Doc. 27-1.)  Even construing her pro se complaint liberally, it is highly unlikely that Bryant would survive a motion to dismiss in a proper venue.  See Daniel, 428 F.3d at 436 ("If a peek at the merits reveals that the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the court in which it is initially filed—the court that does not have jurisdiction—should dismiss the case rather than waste the time of another court." (internal quotation marks and citation omitted)).

V.   The Remaining Defendants

As a pro se plaintiff proceeding in forma pauperis, Bryant is entitled to rely on the U.S. Marshal's Service to assist in proper service.  Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986).  Summonses were returned unexecuted as to remaining defendants Angela Trant-Christian, Walter Richardson, Latoya Turnbull Krigger, Michaell Petersen, Audrey Thomas, Alva Chesterfield, Delores Powell, and Noel James.  (Docs. 11, 12, 13, 17, 18, 19, 22, 24.)  The clerk's

office sent letters to Bryant on July 19 and July 30, 2013, requesting better addresses to effect service on these defendants, but she did not respond. The summons issued to Vincent Frazier has not been returned to the Court.

"As indicated by the plain language of Rule 4(m) [of the Federal Rules of Civil Procedure], notice to the plaintiff must be given prior to a sua sponte dismissal" based on failure to effect service. Thompson v. Maldonado, 309 F.3d 107, 110 (2d Cir. 2002); see Dicks v. Chow, 382 F. App'x 28, 30 (2d Cir. 2010). Bryant is thus granted 30 days from the date of this decision to provide better addresses to the U.S. Marshal's Service so that they may properly serve the above-mentioned defendants. See Peterson v. Tomaselli, No. 02 CIV. 6325 (DC), 2003 WL 22213125, at *8 (S.D.N.Y. Sept. 29, 2003). Otherwise, the Court will dismiss the claims against them without prejudice. See Gonzalez v. L'Oreal USA, Inc., 489 F. Supp. 2d 181, 184 (N.D.N.Y. 2007) ("Although plaintiffs proceeding in forma pauperis are entitled to rely upon the United States Marshal to effect service, that reliance is not absolute; plaintiffs always retain the obligation to provide the process servers with the necessary information and to generally make diligent efforts.").

VI.     Conclusion

For the reasons above, the defendants' motion to dismiss (Doc. 27) is GRANTED and Bryant's claims against them are dismissed. Bryant has thirty days, or until July 3, 2014, to provide better addresses for defendants Angela Trant-Christian, Walter Richardson, Latoya Turnbull Krigger, Michaell Petersen, Audrey Thomas, Alva Chesterfield, Delores Powell, Noel James and Vincent Frazier. Failure to do so will result in dismissal of her claims against them without prejudice.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 3rd day of June, 2014.

                                              /s/ J. Garvan Murtha  
                                              Honorable J. Garvan Murtha  
                                              United States District Judge